f 46. I join the per curiam opinion. I write about deferring to parties' stipulations.
¶ 47. Attorney Ruppelt proposes that the court give deference to parties' disciplinary stipulations. I disagree with his proposal.
*460 ¶ 48. I wholeheartedly agree with the per curiam opinion stating that the court will not act as a "scribe charged with formalizing the parties' mutual wishes" and that the court will not give deference to the parties' stipulations:
Although this court fully appreciates the efficiency attained through stipulations, we will not allow the goal of efficiency to take precedence over the necessity of effecting the core functions of the lawyer discipline system [namely to protect the public, the court system, and the integrity of the bar].
[[Image here]]
Due to our overarching duty to protect the public and the bar, we must remain the ultimate arbiter of the appropriate level of discipline, owing no deference on this subject to either the parties or the referee.
Per curiam op., f f 30, 35.
¶[ 49. That said, when the per curiam opinion refers to departure from a joint stipulation when "necessary," per curiam op., ¶ 30, it means when a departure from a joint stipulation would help protect the public, the court system and the integrity of the bar.
¶ 50. For the reason set forth, I write separately.